**Alfredo LUGO, Petitioner–Appellant,**

v.

**John P. KEANE, Respondent–Appellee.**

**No. 93–2579.**

United States Court of Appeals, · Second Circuit.

Submitted Jan. 5, 1994.

Decided Jan. 25, 1994.

**30**

Alfredo Lugo, petitioner-appellant pro se.

Before: TIMBERS, KEARSE, and LEVAL, Circuit Judges.

PER CURIAM:

Petitioner *pro se* Alfredo Lugo, a New York State ("State") prisoner, has moved for, *inter alia*, a certificate of probable cause permitting him to appeal from a judgment entered in the United States District Court for the Southern District of New York, Robert P. Patterson, *Judge,* dismissing Lugo's petition pursuant to 28 U.S.C. § 2254 (1988) for a writ of habeas corpus. The district court dismissed the petition *sua sponte* on the ground that, in light of a prior petition filed by Lugo, the present petition constituted an abuse of the writ. The dismissal was entered without prior notice to Lugo that such a dismissal was contemplated and without an opportunity for him to oppose. We grant the motion for a certificate of probable cause, and we vacate the judgment and remand the matter for further proceedings.

This appeal presents two questions. One is whether the district court may dismiss a petition for abuse of the writ *sua sponte;* the other is whether the court may properly enter such a dismissal without having provided the petitioner with notice and an adequate opportunity to respond. We answer the latter question in the negative, and leave the former for another day.

■ No principle is more fundamental to our system of judicial administration than that a person is entitled to notice before adverse judicial action is taken against him. *See generally Volkswagenwerk Aktiengesellschaft v. Schlunk,* 486 U.S. 694, 707, 108 S.Ct. 2104, 2112, 100 L.Ed.2d 722 (1988) (due pro-cess requires notice of pendency of action and opportunity to be heard) (citing *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950)). *See also* Fed.R.Civ.P. 7(b)(1) (motions generally required to be on notice); Fed.R.Civ.P. 65(a) (court may not grant a preliminary injunction without notice to the adverse party); *Weitzman v. Stein,* 897 F.2d 653, 657 (2d Cir.1990) (order requiring party to "hold and retain" assets within his control cannot properly be entered without notice and an opportunity to be heard); Fed.R.Civ.P. 23(c)(3) (notice required to class members prior to any determination by the court on the merits); *Bobal v. Rensselaer Polytechnic Institute,* 916 F.2d 759, 764 (2d Cir.1990) (dismissal with prejudice as sanction for discovery abuse held improper without prior notice), *rev'd on rehearing on other grounds, id.* at 765 (finding that notice had in fact been given), *cert. denied,* 499 U.S. 943, 111 S.Ct. 1404, 113 L.Ed.2d 459 (1991; *United Automobile, Aerospace & Agricultural Implement Workers of America v. R.E. Dietz Co.,* 996 F.2d 592, 598 (2d Cir.1993) (imposition of sanctions against party's attorney without notice held improper); *Perez v. Ortiz,* 849 F.2d 793, 797 (2d Cir.1988) (*sua sponte* dismissal of complaint for failure to state a claim improper unless the plaintiff given notice and an opportunity to respond); 5A C. Wright & A. Miller, *Federal Practice and Procedure* § 1357, at 301 (1990) ("court on its own initiative may note the inadequacy of the complaint and dismiss it for failure to state a claim as long as the procedure employed is fair").

Although Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides for a *sua sponte* dismissal of a habeas petition on its merits, to be followed by notice, *see also* 28 U.S.C. § 1915(d) (1988) (providing statutory notice of possible *sua sponte* dismissal of *pro se* action on the ground of frivolity or malice), there is no provision in Rule 4 for a *sua sponte* dismissal of a habeas petition on the ground of abuse of the writ. In civil matters, we have held that the district court has the power to enter *sua sponte* an injunction against abuse of the litigation process. *In re Martin–Trigona,* 737 F.2d 1254, 1262 (2d

Cir.1984); *In re Hartford Textile Corp.,* 613 F.2d 388, 390 (2d Cir.1979) (per curiam). But we have ruled that such an injunction must be vacated if it was entered without notice and an opportunity to oppose. *Id.* In the context of successive petitions for habeas corpus, we have likewise indicated that it is improper for the district court to dismiss the petition *sua sponte* without such notice. Thus, in *Gayle v. Mann,* 966 F.2d 81 (2d Cir.1992), after determining that the matter must be remanded on its merits, we also noted that "the district court dismissed Gayle's habeas petition without notice," and that "Gayle should have been given an opportunity to show that he did not know of the present ground at the time of his prior petitions," *id.* at 85. *Accord Williams v. Whitley,* 994 F.2d 226, 232 (5th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 608, 126 L.Ed.2d 572 (1993); *United States v. Fallon,* 992 F.2d 212, 213 (8th Cir.1993).

■ We conclude that a district court may not properly dismiss a habeas petition on the ground of abuse of the writ without providing the petitioner with notice of the proposed dismissal and an opportunity to be heard in opposition. Since in the present case the district court afforded Lugo neither notice nor an opportunity to be heard, the dismissal for abuse of the writ was improper, and the judgment must be vacated. On remand, both parties should be given notice, and Lugo should be given an opportunity to avoid dismissal for abuse of the writ by meeting the standards set forth in *McCleskey v. Zant,* 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

As to the question of whether the district court has the power to raise the matter of abuse of the writ *sua sponte* and, after giving the petitioner notice and an opportunity to be heard, to dismiss the petition on that ground, the answer is not entirely clear. Though we would think a court should have that power, the Supreme Court has described abuse of the writ as a matter to be raised by the respondent. *See McCleskey v. Zant,* 499 U.S. at 493, 111 S.Ct. at 1470 ("[w]hen a prisoner files a second or subsequent application, the government bears the burden of pleading abuse of the writ.... with clarity

and particularity"); *Sanders v. United States,* 373 U.S. 1, 10–11, 83 S.Ct. 1068, 1074–75, 10 L.Ed.2d 148 (1963). *See also Gayle v. Mann,* 966 F.2d at 85 ("the district court disregarded the state's failure to plead abuse of the writ because *McCleskey* was handed down after the state's response was filed"); *and Mims v. United States,* 959 F.2d 235 (6th Cir.1992) (unpublished; citation by court not prohibited by local rules) (vacating dismissal for abuse of writ on the ground that *McCleskey* and *Sanders* require that "the government must first meet the burden of pleading abuse of the writ," and that "[t]hus, the district court erred in sua sponte dismissing ... the petition for writ of coram nobis, as an abuse of the writ prior to service upon the respondent"). On the other hand, the *McCleskey* Court made clear that the state's burden is one of pleading, not of proof, as it stated that after the facts supporting the abuse-of-the-writ contention have been asserted clearly and with particularity, the "burden to disprove abuse then becomes petitioner's." 499 U.S. at 4, 111 S.Ct. at 1470. *See Williams v. Whitley,* 994 F.2d at 232 (viewing *sua sponte* dismissal for abuse of the writ as permissible after notice and opportunity to be heard); *United States v. Fallon,* 992 F.2d at 213 (same).

Since in the present case Lugo received no notice or opportunity to be heard prior to the dismissal of his present petition, the matter must be remanded for further proceedings whether or not the court had the power to raise the abuse-of-the-writ issue *sua sponte.* Accordingly, we leave resolution of the latter question for another day. If on remand the State itself chooses not to argue abuse of the writ in the present case, the question of whether the district court could properly raise that question *sua sponte* may be argued in any appeal to this Court following the entry of final judgment.

Lugo also moved for the appointment of counsel on this appeal and for leave to proceed *in forma pauperis.* In light of our vacatur of the judgment, those motions are denied as moot.

The judgment of the district court is vacated, and the matter is remanded for further

proceedings not inconsistent with the foregoing.