101 F.3d 683
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Jefferson McLAMB, Petitioner-Appellant,
v.
John KEANE, Superintendent of Sing Sing Correctional
Facility, Respondent-Appellee.
 No. 94-2625.
 United States Court of Appeals, Second Circuit.
 May 13, 1996.
 
 APPEARING FOR APPELLANT: Earle Giovanniello, Brooklyn, N.Y.
 APPEARING FOR APPELLEE: Mary-Ellen G. Harkin, Asst. Dist. Atty., Riverhead, N.Y.
 E.D.N.Y.
 REVERSED.
 Before NEWMAN, Chief Judge, CABRANES, Circuit Judge, and CARTER,* District Judge.
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York and was argued by counsel.
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby REVERSED and REMANDED.
 
 
 1
 Petitioner Jefferson McLamb appeals from the September 30, 1994, judgment of the District Court dismissing his petition for a writ of habeas corpus on the ground that the claims asserted in the petition were identical to claims raised in three prior petitions or should have been raised in a prior petition. The respondent concedes that the District Court's basis for dismissal was improper, and we agree. Accordingly, we reverse and remand for further proceedings.
 
 
 2
 Petitioner was convicted of first and third degree robbery in Suffolk County Court on August 23, 1990. Between March 1993 and July 1993, petitioner filed three virtually identical habeas petitions in federal court, in which he primarily alleged a due process violation because there was a 33-month delay in the perfection of his direct appeal in the state courts. Petitioner also alleged that false testimony had been presented to the grand jury. In an order dated September 7, 1993, the District Court ruled against petitioner on the merits of his speedy appeal claim, and dismissed the claim of false grand jury testimony as unexhausted.
 
 
 3
 On December 14, 1993, after launching a number of state court collateral attacks upon his conviction, petitioner filed his fourth federal habeas petition, which is the subject of this appeal. In that petition he raises four claims: (1) false testimony was knowingly presented by the prosecutor to the grand jury that indicted him; (2) he was deprived of his confrontation rights at a pre-trial suppression hearing; (3) his confessions were obtained in violation of his right to counsel; and (4) there was insufficient identification evidence. In dismissing this petition, the District Court stated:
 
 
 4
 This is Petitioner's fourth petition for a writ of habeas corpus and it states identical claims as his three prior petitions. Therefore, the current petition must be, and is hereby dismissed for the same reasons that Petitioner's three previous petitions were dismissed pursuant to this Court's Memorandum and Order of September 7, 1993.
 
 
 5
 This Court issued a certificate of probable cause to allow petitioner to appeal that ruling. By order dated June 16, 1995, the District Court denied petitioner's subsequent motion for reconsideration and to amend his petition to include Brady and Rosario claims, and this Court denied petitioner a certificate of probable cause to appeal that order.
 
 
 6
 The District Court's dismissal of the claims presented in petitioner's fourth habeas petition on the ground that they were identical to claims raised in the three prior petitions was erroneous. The only one of the current claims that was raised previously is the claim of false grand jury testimony, which the District Court had dismissed as unexhausted. Petitioner has never had the opportunity to have a federal habeas court consider whether he is entitled to any relief based on the claims he now raises.
 
 
 7
 In its order dated June 16, 1995, the District Court supplied as an additional reason for its dismissal of the habeas petition that petitioner had engaged in abuse of the writ. We disagree. At the time the prior petitions were filed, petitioner was entitled to raise a claim of a violation of his speedy appeal rights, see Simmons v. Reynolds, 898 F.2d 865, 867 (2d Cir.1990), but he could not properly include the four claims he raises in the instant petition because at that time they were unexhausted. Furthermore, "a district court may not properly dismiss a habeas petition on the ground of abuse of the writ without providing the petitioner with notice of the proposed dismissal and an opportunity to be heard in opposition." Lugo v. Keane, 15 F.3d 29, 31 (2d Cir.1994). In this case, the respondent did not argue that petitioner had abused the writ, and the Court did not notify petitioner that it was considering a sua sponte dismissal.
 
 
 8
 With respect to petitioner's Brady and Rosario claims, the respondent argued in this Court that on remand the District Court should not grant the motion to amend to add these claims because petitioner had procedurally defaulted on these claims in state court. The respondent's default contention is appropriate for determination by the District Court upon renewed consideration of the motion to amend, now that the petition, as originally filed, will be further considered by the District Court.
 
 
 
 *
 Of the United States District Court for the Southern District of New York, sitting by designation