**Victor ACOSTA; Miguel Rivera; Dennis Acevedo; Dana Mozell, Petitioners–Appellants,**

**v.**

**C. ARTUZ, Superintendent, Green Haven Correctional Facility; Charles Brunelle; Walter R. Kelly, Superintendent; George Wezner, Respondents–Appellees.**

**Docket Nos. 97–2559, 98–2047, 99–2515.**

United States Court of Appeals, Second Circuit.

Argued: May 4, 2000

Decided: Aug. 9, 2000

---

Marjorie M. Smith, Englander & Smith, Tappan, New York, for Appellants Dennis Acevedo and Dana Mozell.

Florence Sullivan, Assistant District Attorney, Brooklyn, New York (Charles J. Hynes, District Attorney Kings County, Leonard Joblove, Amy Appelbaum, Assistant District Attorneys, Brooklyn, New York, of counsel) for Appellee Walter R. Kelley.

James A. Killen, Supervisory Assistant State's Attorney, Rocky Hill, Connecticut, for Appellee George Wezner.

Before: FEINBERG, PARKER, and STRAUB, Circuit Judges.

PARKER, Circuit Judge:

Dennis Acevedo (98–2047) and Dana Mozell (99–2515) appeal from the judgments of the United States District Court for the Eastern District of New York (David G. Trager, Judge) entered December 18, 1997, and the United States District Court for the District of Connecticut (Alvin W. Thompson, Judge) entered July 27, 1999, dismissing their respective petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Section 2254") as untimely under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d)(1). In each case, the district court *sua sponte* dismissed the petition without providing the petitioner notice and an opportunity to be heard. This Court granted a certificate of appealability, consolidated these and two other appeals,[1] appointed counsel, and directed that counsel address whether petitioners were entitled to notice and an opportunity to be heard prior to the *sua sponte* dismissal of their petitions as untimely.

For the reasons stated below, we hold that while a district court has the authority to raise the apparent untimeliness of a habeas petition on its own motion, the courts below erred in dismissing the petitions as untimely without providing petitioners prior notice and an opportunity to be heard. We therefore vacate and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

AEDPA provides a one-year period of limitation for filing habeas petitions pursuant to Section 2254. *See* 28 U.S.C. § 2244(d)(1). Depending on the circumstances surrounding the claims, the limitation period runs from one of several dates:

The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). The limitation period is tolled during the time that a properly filed application for state post-conviction review is pending, *see id.* at § 2244(d)(2), and may be equitably tolled where appropriate, *see Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir.2000) (per curiam).

In this case, each of the petitioners filed *pro se* a petition for a writ of habeas corpus on Form AO 241 (Rev.5/85) (the "AO Form"). As required by Rule 2(c) the Rules Governing Section 2254 Cases in the United States District Courts (the "2254 Habeas Rules"), the AO Form is substantially the same as the form annexed to the 2254 Habeas Rules (the "2254 Habeas Rules Form"). *See* 2254 Habeas Rule 2(c) (petition must be in "substantially the form annexed to the rules"). The 2254 Habeas Rules Form was last amended on April 28, 1982. The AO Form was last revised in

---

1. On March 17, 2000, we ordered Miguel Rivera's appeal (97–2681) withdrawn with prejudice. On May 17, 2000, we disposed of Victor Acosta's appeal (97–2559(L)) by Summary Order.

May 1985. AEDPA was enacted in 1996. Not surprisingly then, neither the 2254 Habeas Rules Form nor the AO Form contains any questions specifically designed to elicit information relevant to the timeliness of the petition under AEDPA.

Acevedo filed his petition for a writ of habeas corpus on December 9, 1997. The petition contained the following relevant information. Acevedo was convicted after a jury trial of first degree robbery and possession of a hypodermic instrument. On July 21, 1991, the Appellate Division, Second Department, affirmed Acevedo's conviction. On May 19, 1995, the New York Court of Appeals denied his application for leave to appeal. He did not file a petition for a writ of certiorari to the Supreme Court of the United States. As of the date of filing this petition, he had not filed any other post-conviction petitions in federal or state court.

Based on the information provided by Acevedo in his petition, his conviction became final on August 17, 1995 "when his time to seek direct review in the United States Supreme Court by writ of certiorari expired." *Ross v. Artuz*, 150 F.3d 97, 98 (2d Cir.1998); *see Smith*, 208 F.3d at 15 n. 1 (citing *Ross* as holding that a conviction becomes final for purposes of AEDPA's limitation and grace period upon the expiration of the time to seek direct review in the United States Supreme Court by writ of certiorari). Because Acevedo's conviction became final before the enactment of AEDPA, the one-year period of limitation under 28 U.S.C. § 2244(d)(1)(A) began to run on April 24, 1996, the date of enactment. *See Ross*, 150 F.3d at 98. Thus, his December 9, 1997 petition was clearly untimely under Section 2244(d)(1)(A).

Although Acevedo's petition was clearly untimely under Section 2244(d)(1)(A), his petition provided insufficient information to determine whether any of the special circumstances of 28 U.S.C. § 2244(d)(1)(B), (C), or (D), or equitable tolling, applied. Nevertheless, on December 15, 1997, without providing Acevedo notice and opportunity to be heard, the district court *sua sponte* dismissed the petition on the ground that it was untimely on its face:

> Petitioner has alleged no impediment by the state to filing his application. Petitioner has not alleged violation of a newly-recognized constitutional right. Petitioner does not allege that the factual predicates of his claims are newly discovered and could not have been earlier discovered through the exercise of due diligence. Therefore, the limitation period runs from the date on which petitioner's judgment of conviction became final by the conclusion of direct review. Even if the limitation period were to begin from the effective date of AEDPA, April 24, 1996, the petition is still untimely.

Acevedo timely appealed and now argues that he was entitled to notice and an opportunity to be heard prior to dismissal of his petition.

Mozell filed his petition for a writ of habeas corpus on December 1, 1998. His petition contained the following relevant information. Mozell was convicted after a jury trial of second degree manslaughter and conspiracy to commit murder. On January 2, 1996, the Connecticut Appellate Court affirmed the conviction. On February 21, 1996, the Connecticut Supreme Court denied Mozell leave to appeal. Mozell did not apply for a writ of certiorari to the United States Supreme Court. As of the date of filing his petition, he had not filed any other post-conviction petitions in federal or state court.

Based on the information provided by Mozell in his petition, his conviction became final on May 21, 1996 when his time to seek direct review in the United States Supreme Court by writ of certiorari expired. *See Ross*, 150 F.3d at 98. His time to file pursuant to Section 2244(d)(1)(A) expired on May 21, 1997, and his December 1, 1998 petition was therefore untimely under that subsection.

Although Mozell's petition was clearly untimely under Section 2244(d)(1)(A), his petition provided insufficient information to determine whether any of the special circumstances of 28 U.S.C. § 2244(d)(1)(B), (C), or (D), or equitable tolling, applied. Nevertheless, on July 29, 1999, without providing Mozell notice and opportunity to be heard, the district court *sua sponte* dismissed the petition on the ground that it was untimely on its face:

> The petitioner's conviction became final in state court on February 21, 1996, when the Connecticut Supreme Court denied the petitioner certification to appeal the decision of the Connecticut Appellate Court. The petitioner states that he has not filed any collateral attacks on his conviction in state court. The petitioner did not file the present petition ... until December 1, 1998, almost three years after his conviction became final in state court. Consequently the petition is untimely.[2]

Mozell timely appealed and now argues that he was entitled to notice and an opportunity to be heard prior to dismissal of his petition.

## II. DISCUSSION

This case presents two issues of first impression in this Circuit: (1) the authority of the court to raise on its own motion a habeas petitioner's apparent failure to comply with the AEDPA statute of limitation for Section 2254 petitions; and (2) the propriety of dismissing a habeas petition on such ground without providing the petitioner prior notice and an opportunity to be heard. We hold first that the district court has the authority to raise a petitioner's apparent failure to comply with the AEDPA statute of limitation on its own motion. In so holding, we follow a long line of precedent establishing the authority of courts to raise *sua sponte* affirmative

defenses where the defense implicates values beyond the interests of the parties. *See Snider v. Melindez,* 199 F.3d 108, 112 (2d Cir.1999) (failure to exhaust under the PLRA); *Femia v. United States,* 47 F.3d 519, 523 (2d Cir.1995) (abuse of the writ); *United States v. Vincent,* 507 F.2d 1309, 1312 (2d Cir.1974) (failure to exhaust in habeas case); *see also, e.g., Yeatts v. Angelone,* 166 F.3d 255, 262 (4th Cir.1999) (procedural default); *Kiser v. Johnson,* 163 F.3d 326, 329 (5th Cir.1999) (AEDPA statute of limitation); *id.* (citing Fifth Circuit cases holding that courts have the power to raise *sua sponte* procedural default, exhaustion, and abuse of the writ); *Hardiman v. Reynolds,* 971 F.2d 500, 504 (10th Cir.1992) (state procedural default in Section 2254 case); *Hines v. United States,* 971 F.2d 506, 509 (10th Cir.1992) (procedural default in Section 2255 case); *Brown v. Fauver,* 819 F.2d 395, 398 (3d Cir.1987) (exhaustion); *Allen v. Perini,* 26 Ohio Misc. 149, 424 F.2d 134, 139 (6th Cir.1970) (exhaustion). If the court chooses to raise *sua sponte* the affirmative defense of failure to comply with the AEDPA statute of limitation, however, the court must provide the petitioner with notice and an opportunity to be heard before dismissing on such ground. Here, we apply the well-established principle that "a person is entitled to notice before adverse judicial action is taken against him." *Lugo v. Keane,* 15 F.3d 29, 30 (2d Cir.1994).

### A. *The AEDPA Statute of Limitation Is an Affirmative Defense*

██ Respondents argue without authority that the petitioners are responsible for pleading compliance with the AEDPA statute of limitation in their applications for relief. Where a statute of limitation is not jurisdictional, however, it is considered an affirmative defense and, absent authority to the contrary, must be pleaded by the *responding* party. *See* Fed.R.Civ.P. 8(c)

---

2. Although the district court incorrectly determined that Mozell's conviction became final under AEDPA on the date the Connecticut Supreme Court denied leave to appeal, the error is irrelevant because Mozell waited until December 1998 to file. His petition was untimely under Section 2244(d)(1)(A) even using the proper date.

("In pleading to a preceding pleading, a party shall set forth affirmatively ... statute of limitations ... and any other matter constituting an avoidance or affirmative defense."). The AEDPA statute of limitation is not jurisdictional, *see Smith,* 208 F.3d at 17, and nothing in AEDPA or in the 2254 Habeas Rules indicates that the burden of pleading the statute of limitation has been shifted from the respondent to the petitioner.[3] The AEDPA statute of limitation is therefore an affirmative defense and compliance therewith need not be pleaded in the petition. *Cf. Thomas v. Superintendent/Woodbourne Correctional Facility,* 136 F.3d 227, 229 (2d Cir.1997) (stating that "the AEDPA does not say who must demonstrate that the current petition is (or is not) 'successive,'" and then placing the burden on the government).

### B. *A Court May Sua Sponte Raise the Untimeliness of a Section 2254 Habeas Petition*

▮ Generally, courts should not raise *sua sponte* nonjurisdictional defenses not raised by the parties. *See Hardiman,* 971 F.2d at 502 (quoting *United States v. Burke,* 504 U.S. 229, 112 S.Ct. 1867, 119 L.Ed.2d 34 (1992) (Scalia, J., concurring) ("The rule that points not argued will not be considered is more than just a prudential rule of convenience; its observance, at least in the vast majority of cases, distinguishes our adversary system of justice from the inquisitorial one.")). There is an exception to this general rule, however, "where a 'doctrine implicates ... values that may transcend the concerns of the parties to an action....'" *Femia,* 47 F.3d at 523 (quoting *Hardiman,* 971 F.2d at 502–03 (affirming power of district court to raise *sua sponte* defense of state procedur-

al default in habeas case) (quoting *Brown,* 819 F.2d at 398 (affirming power of district court to raise *sua sponte* defense of exhaustion in habeas case))).

In *Femia,* this Court held that a district court has the power to raise *sua sponte* the affirmative defense of abuse of the writ. *See* 47 F.3d at 523. The Court acknowledged that the Supreme Court had recently reaffirmed that the government bears the burden of pleading the affirmative defense of abuse of the writ, *see id.* at 522 (citing *McCleskey v. Zant,* 499 U.S. 467, 494, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991), *superceded in part by* 28 U.S.C. § 2244(b) (1996)), but nevertheless held that it was appropriate for the district court to invoke the doctrine of the abuse of writ on its own motion because the doctrine implicated values that transcended the concerns of the parties, *see id.* at 522–23, 111 S.Ct. 1454. "When court processes are abused, the administration of justice is adversely affected to the detriment of the public.... [T]he primary concern behind the abuse-of-writ doctrine is one of judicial economy." *Id.* at 523, 111 S.Ct. 1454.

In *Hardiman,* the Tenth Circuit concluded that the doctrine of state procedural default in habeas cases was "grounded upon concerns of comity between sovereigns and often upon consideration of judicial efficiency." 971 F.2d at 503. "[T]he procedural default defense ... affects the expenditure of scarce federal judicial resources," *id.,* and "encourages efficiency by channeling disputes to the best forum for their resolution ... while the record is fresh," *id.* at 504. In *Hines,* the companion case to *Hardiman,* the Tenth Circuit concluded that the *Frady* defense to a Section 2255 petition (failure to raise the issue on direct appeal), implicated concerns of "finality, docket control, and judi-

---

**3.** Notably, the portion of Section 2244 dealing with abuse of the writ changed previous law by shifting the burden from the government to the petitioner to plead that a habeas petition "was not abusive, at least insofar as the petitioner now must demonstrate ... that any new claims could not have been raised in a

prior petition because they rely on newly discovered evidence or a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court." *Thomas v. Superintendent/Woodbourne Correctional Facility,* 136 F.3d 227, 229 (2d Cir.1997).

cial efficiency." *Hines,* 971 F.2d at 508. Thus, these procedural default defenses "substantially implicate[d] nonparty interests sufficiently weighty to permit *sua sponte* judicial review." *Id.* at 509.

The AEDPA statute of limitation also implicates values beyond the concerns of the parties. The statute of limitation in Section 2244(d) "was Congress' primary vehicle for streamlining the habeas review process and lending finality to state convictions." *Walker v. Artuz,* 208 F.3d 357, 361 (2d Cir.2000); *cf. Schlup v. Delo,* 513 U.S. 298, 322, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995) (stating that on collateral review, courts should "accommodate[ ] ... the systemic interests in finality ... and conservation of judicial resources"). The AEDPA statute of limitation promotes judicial efficiency and conservation of judicial resources, safeguards the accuracy of state court judgments by requiring resolution of constitutional questions while the record is fresh, and lends finality to state court judgments within a reasonable time. Like the other procedural bars to habeas review of state court judgments, the statute of limitation implicates the interests of both the federal and state courts, as well as the interests of society, and therefore "it is not inappropriate for the court, on its own motion, to invoke the doctrine." *Brown,* 819 F.2d at 398; *see also Williams v. Boone,* 166 F.3d 1223, 1999 WL 34856, at *3 (10th Cir. Jan.28, 1999) (unpublished opinion) (relying on the reasoning in *Hardiman,* 971 F.2d at 502–04, that certain defenses implicate values beyond the concerns of the parties to hold that "the district court did not err in denying *sua sponte* [the] petition as untimely [under AEDPA].").[4]

Furthermore, the authority to raise these procedural defenses *sua sponte* is consistent with the authority provided to the district courts in 2254 Habeas Rule 4 and 2255 Habeas Rule 4(b). *See Hardiman,* 971 F.2d at 504; *Hines,* 971 F.2d at 509. These rules give the district court the power to review and dismiss habeas petitions prior to any responsive pleading by the state, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." 2254 Habeas Rule 4; *see* 2255 Habeas Rule 4(b). With respect to Section 2254 petitions, Rule 4 "indicates that Congress intended the courts to play a more active role in § 2254 cases than they generally play in many other kinds of cases." *Hardiman,* 971 F.2d at 504.

In *Kiser,* the Fifth Circuit relied on 2254 Habeas Rule 4 to hold that "the district court was within its authority ... when it raised the AEDPA's statute of limitations defense *sua sponte.*" 163 F.3d at 329. "This power is rooted in 'the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer.' " *Id.* at 328 (quoting 2254 Habeas Rule 4 Advisory Committee Note). The Court also relied on its own precedent establishing the authority of the court to raise *sua sponte* in habeas cases the affirmative defenses of procedural default, exhaustion, and abuse of the writ, and its precedent establishing that "the statute of limitations affirmative defense may be raised *sua sponte* in civil actions brought by prisoners under 28 U.S.C. § 1915." *Id.* at 329.

In sum, even though the statute of limitations provision of the AEDPA is an affirmative defense rather than jurisdictional, the ... court did not err by raising the defense *sua sponte.* The[ ] decision to do so was consistent with Rule 4

---

**4.** Although we do not normally rely on unpublished opinions, *Williams* is persuasive in that it relies on similar reasoning from *Hardiman* to reach the same conclusion as we have made here. We note that our reliance on *Williams* does not contravene the spirit of United States Court of Appeals for the Tenth Circuit Rule 36.3, which states that an unpublished opinion may be cited if "(1) it has persuasive value with respect to a material issue that has not been addressed in a published opinion and (2) it would assist the court in its disposition."

... of the [2254 Habeas Rules], as well as the precedent of this Court.

*Id.*

We agree with the Tenth and Fifth Circuits that a district court has the authority to raise the AEDPA statute of limitation on its own motion. Thus, it was not error for the courts below to raise *sua sponte* the untimeliness of these petitions.

### C. *Notice and an Opportunity To Be Heard*

■ Although the courts below had the authority to raise the AEDPA statute of limitation defense on their own motion, the judgments must nevertheless be vacated because the courts dismissed without affording the petitioners notice and an opportunity to be heard. *See Snider,* 199 F.3d at 112 ("The problem with the court's dismissal was not that it was done on the court's own motion, but rather that it was done without affording [petitioner] notice and opportunity to be heard."). The longstanding general rule is that a court may not dismiss an action without providing the adversely affected party with notice and an opportunity to be heard. *See Lugo,* 15 F.3d at 30; *Perez v. Ortiz,* 849 F.2d 793, 797 (2d Cir.1988); *Square D Co. v. Niagara Frontier Tariff Bureau, Inc.,* 760 F.2d 1347, 1365 (2d Cir.1985) (" 'Failure to afford an opportunity to address the court's *sua sponte* motion to dismiss is, by itself, grounds for reversal.' ") (quoting *Lewis v. New York,* 547 F.2d 4, 5–6 & n. 4 (2d Cir.1976)).

> [P]roviding the adversely affected party with notice and an opportunity to be heard plays an important role in establishing the fairness and reliability of the order. It avoids the risk that the court may overlook valid answers to its perception of defects in the plaintiff's case. Furthermore, denying a plaintiff an opportunity to be heard may tend to produce the very effect the court seeks to avoid—a waste of judicial resources—by leading to appeals and remands. Unless it is unmistakably clear that the court

lacks jurisdiction, or that the complaint lacks merit or is otherwise defective, we believe it is bad practice for a district court to dismiss without affording a plaintiff the opportunity to be heard in opposition.

*Snider,* 199 F.3d at 113 (internal quotation marks, citation, and alterations omitted).

This Court has addressed *sua sponte* dismissal of a habeas petition without notice and an opportunity to be heard in the context of dismissal for abuse of the writ. In *Lugo,* this Court held that "a district court may not properly dismiss a habeas petition on the ground of abuse of the writ without providing the petitioner with notice of the proposed dismissal and an opportunity to be heard in opposition." 15 F.3d at 31 (§ 2254 petition). The Court acknowledged that 2254 Habeas Rule 4 "provides for a *sua sponte* dismissal of a habeas petition on its merits, to be followed by notice," but noted that there is no provision for *sua sponte* dismissal without prior notice on the ground of abuse of the writ. *Id.* at 30. In *Femia,* the Court stated that *Lugo* left open the question "whether, notwithstanding the general rule, there are certain instances in which a petition may be dismissed for abuse of the writ without prior notice to petitioner." *Femia,* 47 F.3d at 522 (§ 2255 petition). The Court then held that "the grounds for the dismissal determine whether prior notice to the petitioner is required before a district court can dismiss a habeas corpus petition *sua sponte* for abuse of the writ." *Id.* at 524. Where the dismissal is based on procedural grounds (i.e., failure to show cause why the issue was not raised in an earlier petition), the district court must provide notice and an opportunity to be heard prior to dismissal; where the dismissal is based on the merits (i.e., lack of actual prejudice), no prior notice is required:

> Unlike a cause determination, a finding of actual prejudice is one made on the merits based on the record.... It would be incongruous to require prior

notice to petitioner in order to dismiss a petition for lack of actual prejudice ... while allowing dismissal without notice on the same grounds under [2255 Habeas] Rule 4(b) [or 2254 Habeas Rule 4]. . . .

Cause is quite a different matter. The Supreme Court has identified as possible examples of cause factors such as official interference or the reasonable unavailability to counsel of a factual or legal basis for a claim. Such factors are usually outside the record and may be exclusively within the petitioner's knowledge, and thus will only come to light if properly asserted by the petitioner.

... When a prisoner, who may be unlearned in the law and unskilled in pleading, offers a cognizable claim in a second or successive petition that appears to demonstrate actual prejudice, but fails to address adequately the issue of cause, prior notice is essential.

*Id.* at 524 (citations omitted).

The "factors" used to determine "cause" in *Femia* (i.e., "official interference or the reasonable unavailability to counsel of a factual or legal basis for a claim," 47 F.3d at 524) are the same factors giving rise to the "special circumstances" of 28 U.S.C. § 2244(d)(1)(B), (C), and (D), and to equitable tolling. The existence of an unconstitutional impediment to filing a claim, *see id.* at § 2244(d)(1)(B), is similar to "official interference." A situation where the constitutional right was recognized and made retroactive on collateral review after the date the conviction became final, *see id.* at § 2244(d)(1)(C), is similar to "unavailability ... of a ... legal basis for a claim." And a situation where the factual basis for the claim first became discoverable through the exercise of due diligence after the date the conviction became final, *see id.* at § 2244(d)(1)(D), is similar to "unavailability ... of a factual ... basis for a claim." Similar factors are used to determine the applicability of equitable tolling.

As the *Femia* Court noted, these factors are usually outside of the record and often

will not be fully addressed in the petition of an unlearned and unskilled *pro se* petitioner. *See* 47 F.3d at 524; *see also* 2254 Habeas Rule 4 Advisory Committee Note (giving procedural grounds for dismissal, such as failure to exhaust and successive petitions, as examples of situations where the court may want to authorize respondent to make a motion to dismiss on notice); *Boyd v. Thompson,* 147 F.3d 1124, 1128 (9th Cir.1998) ("When dealing with a pro se petitioner, the court must make clear the procedural default at issue and the consequences of failing to respond [before summarily dismissing petition on basis of procedural default]."). Moreover, the problem of unlearned and unskilled *pro se* petitioners inadequately addressing the statute of limitation in the petition is compounded in this case by the fact that the outdated AO Forms given to these prisoners are not designed to elicit any information concerning these factors. *See Snider,* 199 F.3d at 114 n. 3 (noting the difficulty presented by the use of an incomplete and confusing standard form that "fails to warn the prisoner that certain answers will lead to the dismissal of his action"). In such circumstances, prior notice and an opportunity to be heard is "essential." *Femia,* 47 F.3d at 524.

Thus, unless it is unmistakably clear from the facts alleged in the petition, considering all of the special circumstances enumerated in Section 2244(d)(1), equitable tolling, and any other factor relevant to the timeliness of the petition, that the petition is untimely, the court may not dismiss a Section 2254 petition for untimeliness without providing petitioner prior notice and opportunity to be heard. *See Snider,* 199 F.3d at 113; *Lugo,* 15 F.3d at 30; *cf. Leonhard v. United States,* 633 F.2d 599, 609 n. 11 (2d Cir.1980) (approving *sua sponte* dismissal on ground of statute of limitations where raised in answer and all facts necessary for defense appeared in complaint). The petitions in this case do not provide enough information to determine anything more than that petitioners

are beyond the limitation period under Section 2244(d)(1)(A). The courts below therefore erred in dismissing the petitions without providing petitioners prior notice and an opportunity to be heard in opposition.

## III. CONCLUSION

For the foregoing reasons, the judgments of the courts below are vacated, and the petitions are remanded for further proceedings consistent with this opinion.