James BENN (92–A–5690), Petitioner,

v.

Charles GREINER, Superintendent, Sing Sing Correctional Facility, Respondent.

Nos. 98–CV–5621 (JBW), 03–MISC–0066 (JBW).

United States District Court, E.D. New York.

July 31, 2003.

———

James Benn, Beacon, NY, for Petitioner.

Amy M. Appelbaum, Brooklyn, NY, for Respondent.

## MEMORANDUM & ORDER

WEINSTEIN, Senior District Judge.

Petitioner is a New York state prisoner seeking federal habeas corpus relief. For the reasons discussed below, respondent's motion to dismiss the petition as time-barred is denied.

### I. Law

Congress has set a one-year period of limitations for the filing of an application for a writ of habeas corpus by a person in custody pursuant to a state court judgment. *See* 28 U.S.C. § 2244(d)(1). This limitations period ordinarily begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). A conviction becomes final for habeas purposes when the ninety-day period for filing a petition for a writ of certiorari to the United States Supreme Court has expired. *See McKinney v. Artuz*, 326 F.3d 87, 96 (2d Cir.2003); *see also* Sup.Ct. R. 13.

Prisoners whose convictions became final before the effective date of AEDPA, April 24, 1996, had a grace period of one year, until April 24, 1997, to file their habeas application. *See Ross v. Artuz*, 150 F.3d 97, 103 (2d Cir.1998).

"[T]he district court has the authority to raise a petitioner's apparent failure to comply with the AEDPA statute of limitation on its own motion." *Acosta v. Artuz*, 221 F.3d 117, 121 (2d Cir.2000). "If the court chooses to raise sua sponte the affirmative defense of failure to comply with the AEDPA statute of limitation, however, the court must provide the petitioner with notice and an opportunity to be heard before dismissing on such ground." *Id.*

In calculating the one-year limitation period, the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted." 28 U.S.C. § 2244(d)(2).

The "filing of creative, unrecognized motions for leave to appeal" does not toll the statute of limitations. *Adeline v. Stinson*, 206 F.3d 249, 253 (2d Cir.2000); *see also Artuz v. Bennett*, 531 U.S. 4, 8, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000) ("[A]n application is *'properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.... The question whether an application has been 'properly filed' is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar." (emphasis in original; footnote omitted)).

In addition, the term "pending" in the statute has been construed broadly to encompass all the time during which a state prisoner attempts, through proper use of state procedures, to exhaust state court remedies with regard to a particular post-conviction application. *See Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir.1999), *aff'd*, 531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000). "[A] state-court petition is 'pending' from the time it is first filed until finally disposed of and further appellate review is unavailable under the particular state's procedures." *Bennett*, 199 F.3d at 120; *Carey v. Saffold*, 536 U.S. 214, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002) (holding that the term "pending" includes the intervals between a lower court decision and a filing in a higher court for motions for collateral review). A motion for extension of time to file an appeal does not toll AEDPA's limitations period unless an extension is actually granted. *See Bethea v. Girdich*, 293 F.3d 577, 579 (2d Cir.2002).

The period of limitations set forth in AEDPA ordinarily does not violate the Suspension Clause. *See Muniz v. United States,* 236 F.3d 122, 128 (2d Cir.2001) ("[T]he Suspension Clause does not always require that a first federal petition be decided on the merits and not barred procedurally" (quotation omitted)); *Rodriguez v. Artuz,* 990 F.Supp. 275, 283 (S.D.N.Y.1998) (AEDPA statute of limitations is not, "at least in general," an unconstitutional suspension of the writ).

The AEDPA statute of limitations is not jurisdictional and may be tolled equitably. *Smith v. McGinnis,* 208 F.3d 13, 17 (2d Cir.2000). "Equitable tolling ... is only appropriate in 'rare and exceptional circumstances.' To merit application of equitable tolling, the petitioner must demonstrate that he acted with 'reasonable diligence' during the period he wishes to have tolled, but that despite his efforts, extraordinary circumstances 'beyond his control' prevented successful filing during that time." *Smaldone v. Senkowski,* 273 F.3d 133, 138 (2d Cir.2001).

This opinion complies with *Miranda v. Bennett,* 322 F.3d 171, 175–77 (2d Cir. 2003), and Rule 52 of the Federal Rules of Civil Procedure. No other issue open to consideration by this court has merit. *See Sumner v. Mata,* 449 U.S. 539, 548, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981) ("a court need not elaborate or give reasons for rejecting claims which it regards as frivolous or totally without merit").

A certificate of appealability may be granted with respect to any one of petitioner's claims only if petitioner can make a substantial showing of the denial of a constitutional right. Petitioner has a right to seek a certificate of appealability from the Court of Appeals for the Second Circuit. *See* 28 U.S.C. § 2253; *Miller–El v. Cockrell,* 537 U.S. 322, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003).

## II. Application

Petitioner concedes that his application is presumptively untimely. His conviction became final in August 1995, before the effective date of AEDPA. He therefore had until April 24, 1997, in which to file his habeas application. The application was not filed until August 21, 1998, out of time by more than a year. The tolling provisions of the statute do not aid petitioner, because state collateral proceedings were not initiated until February 16, 1998, well beyond the April 24, 1997 deadline.

Petitioner urges that this court should nonetheless deem the petition timely by tolling the period between April 24, 1997 and August 21, 1998 on equitable grounds. In particular, he states that psychiatric problems made it impossible for him to file a timely petition. To support his position he submits a letter from the Clinical Director of Sing Sing Correctional Facility, dated June 25, 1998, stating that from June 1995 until the date of the letter, petitioner "required treatment, including antipsychotic medication for a condition characterized by auditory hallucinations, paranoid thinking, depression and anxiety." The letter also states that petitioner required hospitalization on the Crisis Unit (though it does not state for how long) and that petitioner is currently housed in a mental health transitional program.

This court, with permission from petitioner, ordered respondent to produce petitioner's prison psychiatric records. The records indicate that petitioner suffers from depression and schizophrenia. He is prone to distracting auditory hallucinations. He has been confined to the mental health ward of Sing Sing prison for much of his sentence. When he has been housed in the general prison population he has retained frequent contact with the mental health ward and has struggled to cope with

his psychological problems in that setting. A pharmacological regimen appears to have eased somewhat petitioner's psychological problems, but his psychiatric status remained essentially unchanged during the entire period of his incarceration.

Petitioner's state collateral proceedings and his federal habeas applications were initiated with the help and at the behest of fellow inmates. Prison doctors *hope* that some day, upon his release from prison, petitioner "could be expected to understand and apply simple directions," and "execute simple but not complex directions with supervision." This court makes the factual finding that the petitioner has demonstrated by a preponderance of the evidence that he could not, without the unexpected beneficence of his friends, have timely filed the federal habeas application. Under these circumstances, petitioner has demonstrated that extraordinary circumstances beyond his control prevented him from timely filing his petition. Equitable tolling is warranted.

III. Conclusion

Respondent's motion to dismiss the habeas application as time-barred is denied.

The clerk of court is ordered to appoint a member of the habeas corpus panel as counsel for petitioner.

Petitioner, through counsel, is ordered to submit a memorandum of law in support of his habeas application—if he wishes to do so—by August 22, 2003. Respondent shall file a response by September 5, 2003.

A hearing will be scheduled if this court, on review of the papers and the record, deems one necessary.

SO ORDERED.