**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TYREECE REYNOLDS,<br><br>          Petitioner - Appellant,<br><br>   v.<br><br>A. HEDGPETH, Warden,<br><br>          Respondent - Appellee. | No. 08-56935<br><br>D.C. No. 5:08-cv-00905-VAP-AN<br><br><br>MEMORANDUM* |
| TYREECE REYNOLDS,<br><br>          Petitioner - Appellant,<br><br>   v.<br><br>A. HEDGPETH, Warden,<br><br>          Respondent - Appellee. | No. 09-55409<br><br>D.C. No. 5:08-cv-00905-VAP-AN |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge
Arthur Nakazato, Magistrate Judge

Argued and Submitted May 2, 2011

_____

         *     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Pasadena, California

Before: PREGERSON, FISHER, and BERZON, Circuit Judges.

Petitioner-Appellant Tyreece Reynolds ("Reynolds"), a California state prisoner, appeals the district court's holding that his 28 U.S.C. § 2254 habeas petition is time-barred by the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* 28 U.S.C. § 2244(d)(1)(A). The court found that Reynolds' 200-day delay between his first and second state habeas filings, and Reynolds' 86-day delay between his second and third state habeas filings were unreasonable. The court therefore found that Reynolds was not entitled to statutory tolling or equitable tolling of AEDPA's one-year statute of limitations for the time periods between his state court filings. *See id.* § 2244(d)(2); *In re Clark*, 855 P.2d 729, 738 (Cal. 1993) ("It has long been required that a petitioner explain and justify any significant delay in seeking habeas corpus relief."). We vacate and remand.

1.      The court did not afford Reynolds adequate notice and the opportunity to explain his 86-day delay in filing his third state habeas petition.

It is a "well-established principle that a person is entitled to notice *before adverse judicial action is taken against him*." *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001) (quoting *Acosta v. Artuz*, 221 F.3d 117, 121 (2d Cir. 2000))

(emphasis in original). A court has the authority to sua sponte raise the issue of a federal habeas petition's timeliness under AEDPA's one-year statute of limitations, but "that authority should only be exercised after the court provides the petitioner with adequate notice and an opportunity to respond." *Id.* Moreover, "[w]hen dealing with a pro se petitioner, the court must make clear the [grounds for dismissal] and the consequences for failing to respond." *Id.* (quoting *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998)) (internal quotation marks omitted).

Reynolds, a pro se litigant during the § 2254 proceedings,[1] was misled by the magistrate court's Order to Show Cause ("OSC") because it did not refer to the 86-day delay between Reynolds' filing of his second and third state habeas petitions; it referred only to the 200-day delay between his first and second state habeas filings. The OSC stated that, unless there was a reasonable explanation, Reynolds was not entitled "to statutory tolling for the unexplained and unjustified 200 day (over six months) delay." Accordingly, there was no reason for Reynolds to believe that he was expected to explain the 86-day delay, because such an explanation was never requested of him. Because the OSC's sole focus was on

---

[1] Reynolds was pro se during his state and federal district court habeas proceedings, but is represented on appeal by court-appointed counsel, R. Shanti Brien.

3

examining the 200-day delay, Reynolds justifiably believed it was not necessary for him to explain the 86-day delay.

As a result, there is an unresolved factual dispute regarding if and when Reynolds was denied access to the prison library. When, as here, there is an unresolved factual dispute because a habeas petitioner did not have adequate notice and an opportunity to respond, remand is appropriate. *Herbst*, 260 F.3d at 1044 ("[T]he district court is in a better position to develop the facts and assess their legal significance in the first instance . . . . [Thus,] the best course is to remand to the district court for appropriate development of the record." (quoting *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc)) (internal quotation marks omitted)).

**2.** The court exercised its discretion improperly by taking judicial notice of facts contained in prison library records, and by failing to give Reynolds notice of and the opportunity to respond to the court's intention to use that factual information as the basis for dismissing Reynolds' habeas petition.

Under Federal Rule of Evidence 201(b), "a court may take judicial notice of 'matters of public record.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (quoting *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)). In addition, a court only has authority to take judicial notice of facts "not subject to

4

reasonable dispute in that [they are] either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also Lee*, 250 F.3d at 689-90.

Reynolds first realized there was an issue with the 86-day delay when the court dismissed Reynolds' § 2254 habeas claim as untimely. Reynolds then filed a Motion for Reconsideration of the court's dismissal. While considering Reynolds' motion, the magistrate judge became suspicious of the authenticity of the library access request and denial forms Reynolds submitted. Because of his suspicions, the magistrate judge asked his courtroom deputy clerk to contact the Kern Valley State Prison to obtain information and records from the prison law library pertinent to determining whether Reynolds in fact had access to the library or legal materials during the time periods in question. In response to the magistrate judges's deputy clerk's request, the prison's litigation coordinator sent prison library records to the court, including library sign-in sheets purportedly showing when prisoners had access to the library. The court did not notify Reynolds or the state Attorney General's office that it required more information before making a decision on the Motion for Reconsideration. Moreover, the court did not request additional briefing or hold an evidentiary hearing.

5

Instead, the district court considered the unauthenticated, unexplained prison library records and determined that the new information obtained from the prison litigation coordinator discredited Reynolds' contrary evidence. Citing *Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002), for the proposition that it had authority to "take judicial notice of [] relevant state records in federal habeas proceedings," the court found that it had authority to take judicial notice of the prison library records.[2] The court then denied Reynolds' Motion for Reconsideration based on the prison library records the court obtained from the prison litigation coordinator. The court abused its discretion as follows.

First, the court abused its discretion when it took judicial notice of documents that had not been "made publicly available by [a] government entit[y]," *Daniels-Hall v. Nat. Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). Under Federal Rule of Evidence 201(b), "a court may take judicial notice of 'matters of *public* record.'" *Lee*, 250 F.3d at 689 (quoting *Mack v. S. Bay Beer Distrib.*, 798

---

[2] We note that, contrary to the court's conclusion, *Smith v. Duncan* does not stand for the proposition that a court can take judicial notice of "all relevant state records." Rather, in *Smith v. Duncan* we recognized courts' authority to take judicial notice of "relevant state *court* documents" – in that particular case, the dates on which previous state habeas petitions had been publicly filed in state court. 297 F.3d at 815 (emphasis added). There is no indication, nor does the state argue, that the prison library records are the equivalent of a publicly filed court document.

F.2d 1279, 1282 (9th Cir. 1986)) (emphasis added). The library records obtained from the prison litigation coordinator, which included such information as dates when Reynolds was given library access or was provided with requested legal materials, appear to be internal documents accessible only to prison personnel. The records were therefore not judicially noticeable, even though they were maintained by a public entity. *See, e.g., United States v. Ritchie*, 342 F.3d 903, 908-09 (9th Cir. 2003); 21B Wright & Miller, *Federal Practice and Procedure* § 5106.1 (2d ed. 2011) (explaining that "the requirement that the source provide a 'ready determination'" means that "the source must be 'readily accessible'"); *id.* ("[I]f citizens who wanted to check up on the court had to convince some bureaucrat to let them rummage through his files, the fact should not be noticed.").

Second, even if the prison library records could be considered "matters of public record," the court abused its discretion by taking judicial notice of facts subject to reasonable dispute. Judicial notice extends only to facts that are "not subject to reasonable dispute" because they are either (a) "generally known within the territorial jurisdiction of the trial court" or (b) "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Here, information about when the library was open and closed and when Reynolds was able to use the library's services are not

7

"generally known" facts. Nor are the facts that the court derived from the library records "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." They are handwritten records that require interpretation before their meaning can be discerned. *See* 21B Wright & Miller, *Federal Practice and Procedure* § 5106.1 (2d ed. 2011) ("If the source can only be used through an intermediary such as an expert witness or an interpreter, the court does not really rely on the source but on the intermediary."). The handwritten library records also are not "sources whose accuracy cannot reasonably be questioned." Such records are very likely to contain errors.

Finally, rather than test the validity of the information in the prison library records in an adversarial proceeding in which Reynolds could challenge the records, the court decided, without the benefit of the parties' arguments, that Reynolds' evidence was not to be accorded any weight. By failing to provide Reynolds with notice that the court intended to deny the Motion for Reconsideration based on the newly obtained prison library records, and by failing to give Reynolds an opportunity to respond to that evidence, the court deprived Reynolds of his right to request an "opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed." Fed. R. Evid. 201(e).

* * *

8

For the foregoing reasons, we **VACATE** the court's order dismissing Reynolds' federal habeas petition as untimely and **REMAND** for an evidentiary hearing to determine if, and to what extent, Reynolds' access to the prison library was limited, and if, as a result of limited access, he was entitled to statutory tolling or equitable tolling of AEDPA's one-year statute of limitations.

**VACATED AND REMANDED**.