14-3862
*Watley v. Katz*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 22nd day of January, two thousand sixteen.

Present:    ROBERT A. KATZMANN,
                        *Chief Judge*,
                AMALYA L. KEARSE,
                        *Circuit Judge*,
                GREGORY H. WOODS,
                        *District Judge*.[*]

_____

JOSEPH WATLEY, KARIN HASEMANN,

                *Plaintiffs-Appellants*,

                v.                                                          No. 14-3862

JOETTE KATZ, Commissioner of the Department of
Children and Families (DCF), DEPARTMENT OF
CHILDREN AND FAMILIES,

                *Defendants-Appellees*,

CHRISTINE E. KELLER, Judge, CONNECTICUT JUDICIAL
BRANCH,

                *Defendants*.

_____

_____

[*] The Honorable Gregory H. Woods, United States District Judge for the Southern District of New York, sitting by designation.

1

For Plaintiffs-Appellants:        ANDREW D. O'TOOLE, Hartford, CT.

For Defendants-Appellees:     JANE ROSENBERG, Assistant Attorney General (Alayna M.
                                              Stone, Assistant Attorney General, *on the brief*), *for* George
                                              Jepsen, Attorney General of Connecticut, Hartford, CT.

For Amicus Curiae:               Carrie Ann Lucas, Disabled Parents Rights, Windsor, CO.

Appeal from the United States District Court for the District of Connecticut (Chatigny, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that the judgment of the district court is **VACATED**.

Plaintiffs Joseph Watley and Karin Hasemann appeal from a judgment of the United States District Court for the District of Connecticut (Chatigny, *J.*), dismissing their *pro se* complaint without prior notice and without leave to replead. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

On December 13, 2013, the plaintiffs filed a *pro se* complaint in the District of Connecticut alleging principally that the defendants violated Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131–34, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, in connection with proceedings in the Connecticut state courts that resulted in the termination of their parental rights in their two sons. On the same day, they also filed a motion for a temporary restraining order ("TRO") enjoining the Connecticut Department of Children and Families from placing their sons in permanent adoption and motions for appointment of counsel. On December 27, 2013, before the defendants had appeared and without giving the plaintiffs notice or an opportunity to be heard, the district court entered an order denying the plaintiffs' TRO motion and *sua sponte* dismissing their complaint. The district court held that it lacked

subject-matter jurisdiction over the plaintiffs' claims under the *Rooker-Feldman* doctrine, which applies "where a party in effect seeks to take an appeal of an unfavorable state-court decision to a lower federal court," *Lance v. Dennis*, 546 U.S. 459, 466 (2006) (per curiam), and, in the alternative, that the plaintiffs' claims were barred by *res judicata*. In a subsequent order, the district court also denied the plaintiffs' motions for appointment of counsel. The plaintiffs moved for reconsideration, which the district court denied.

"No principle is more fundamental to our system of judicial administration than that a person is entitled to notice before adverse judicial action is taken against him." *Lugo v. Keane*, 15 F.3d 29, 30 (2d Cir. 1994) (per curiam). We have "often admonished that extreme caution should be exercised in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). District courts should not dismiss a *pro se* complaint without giving the plaintiff an opportunity to be heard "[u]nless it is unmistakably clear that the court lacks jurisdiction, or that the complaint lacks merit or is otherwise defective." *Snider v. Melindez*, 199 F.3d 108, 113 (2d Cir. 1999). Failure to afford such an opportunity "may be, 'by itself, grounds for reversal.'" *Id.* (quoting *Square D Co. v. Niagara Frontier Tariff Bureau, Inc.,* 760 F.2d 1347, 1365 (2d Cir.1985) (Friendly, *J.*)). Moreover, "[a] *pro se* complaint is to be ready liberally" and "the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991).

Applying these principles, we find that the district court acted prematurely in dismissing the complaint in this case. The district court *sua sponte* reviewed materials outside the record and

drew conclusions regarding the applicability of the *Rooker-Feldman* doctrine and the principle of *res judicata* without the benefit of the plaintiffs' opposing views. While it may ultimately be the case that the court lacks jurisdiction or that the complaint lacks merit, it is not "unmistakably clear" that that is so. *Snider*, 199 F.3d at 113. Without further development of the record, we cannot be confident in the outcome of this case. Accordingly, we vacate the district court's dismissal of the plaintiffs' complaint. Furthermore, we direct the district court to appoint counsel to represent the plaintiffs in the proceedings on remand. *See* 28 U.S.C. § 1915(e)(1).

For the reasons stated herein, the judgment of the district court is **VACATED** and the case is **REMANDED** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4