

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-25-2005

# Knecht v. Shannon

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-2330

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Knecht v. Shannon" (2005). *2005 Decisions.* Paper 1139.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1139

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 01-2330

———

MARTIN LOUIS KNECHT,

Appellant

v.

ROBERT D. SHANNON, SUPERINTENDENT, AT S.C.I. MAHANOY, THE
DISTRICT ATTORNEY OF THE COUNTY OF CHESTER; THE ATTORNEY
GENERAL OF THE STATE OF PENNSYLVANIA

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 00-cv-03463)
District Judge: Honorable Clarence C. Newcomer

———

Argued October 26, 2004
Before: NYGAARD, AMBRO, and VAN ANTWERPEN, Circuit Judges.

(Filed:  May 25, 2005)

Marsha A. Sajer, Esq. (Argued)
David R. Fine, Esq. (Argued)
Robert A. Lawton, Esq.
Kirkpatrick & Lockhart
240 North Third Street
Payne-Shoemaker Building
Harrisburg, PA 17101

David S. Kwon, Esq.
Thomas C. Weisert, Esq.
Kirkpatrick & Lockhart
One Newark Center, 10th Floor
Newark, NJ 07102

Eric Tunis, Esq.
Greenberg Traurig
200 Campus Drive
P.O. Box 677
Florham Park, NJ 07932

       Counsel for Appellants

Nicholas J. Casenta, Jr., Esq. (Argued)
Office of the District Attorney
17 North Church Street, Suite 218
Courthouse Annex, 2nd Floor
West Chester, PA 19380
       Counsel for Appellees

_____

OPINION OF THE COURT

_____

NYGAARD, Circuit Judge.

Appellant Martin Louis Knecht challenges the District Court's dismissal of his habeas petition. We have jurisdiction pursuant to 28 U.S.C. § 1291, and will affirm.

I.

Knecht was convicted of second degree murder, robbery, theft, and conspiracy in the Court of Common Pleas of Chester County, Pennsylvania on July 2, 1977. The trial court sentenced him to life imprisonment.

2

Having already filed a number of *pro se* petitions for relief from his conviction and sentence in Pennsylvania courts, on July 10, 2000, Knecht filed a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 in the United States District Court for the Eastern District of Pennsylvania. In the petition, Knecht challenged his conviction on six grounds. In response, the Chester County District Attorney argued that Knecht did not fully exhaust these claims in state court and therefore had procedurally defaulted on them. The District Attorney did not raise the statute of limitations contained in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") as a defense.

The reviewing Magistrate Judge recommended to the District Court that five of the six grounds in Knecht's petition be rejected as procedurally defaulted. As for the remaining issue raised in Knecht's petition, a claim that his confession should have been suppressed, the Magistrate Judge found that claim to be without merit. In addition, the Magistrate Judge found Knecht's petition to be untimely as filed outside the allotted one-year statute of limitations provided for by AEDPA. The District Court adopted the Report and Recommendation of the Magistrate Judge and denied the petition. On appeal, Knecht argues that the District Court erred by raising AEDPA's statute of limitations *sua sponte*, claiming the District Attorney had waived that defense. He also argues that because he acted in self-defense, he is "actually innocent" of murder, and thus not only is his procedural default excused, but AEDPA's statute of limitations is equitably tolled, making his petition timely.

3

II.

Knecht's argument that the District Court erred by raising AEDPA's statute of limitations *sua sponte* after the government failed to do so is precluded by this Court's recent decision in *Long v. Wilson*, 393 F.3d 390 (3d Cir. 2004). In *Long*, the Court held that a magistrate judge (and presumably a district court judge by extension) may *sua sponte* raise AEDPA's statute of limitations in section 2254 cases even after the government has failed to raise timeliness in its answer to the petition. *Id*. at 403. A divided *en banc* panel of this Court recently reaffirmed *Long* and applied its holding to section 2255 petitions as well. *United States v. Bendolph*, 01-2468 (3d Cir. filed May 16, 2005). The District Court, therefore, did not err by raising the statute of limitations *sua sponte*.

Knecht does not argue that the District Court erred in its calculation of the statute of limitations, and we hold that it did not.[1] Thus, unless we accept Knecht's argument that he is "actually innocent," and that equitable tolling is therefore warranted, we must affirm the dismissal of his petition as untimely. Because Knecht cannot demonstrate actual innocence, we do not accept his argument.[2]

---

[1] Because we hold that Knecht's petition was untimely, we need not address whether his petition is also barred by procedural default.

[2] This Court has not yet determined whether a showing of actual innocence is grounds for equitable tolling of AEDPA's statute of limitations. At least two other Courts of Appeal to consider that question have held that it is. *E.g. Souter v. Jones*, 395 F.3d 577, 599 (6th Cir. 2005) ("[E]quitable tolling of the one-year limitations period based on a credible showing of actual innocence is appropriate."); *Gibson v. Klinger*, 232 F.3d 799, 808 (10th

Knecht argues that, because he acted in self-defense, he is actually innocent of murder. A habeas petitioner seeking to demonstrate actual innocence faces an "extremely high burden." *Sweger v. Chesney*, 294 F.3d 506, 523–24 (3d Cir. 2002). The petitioner must come forward with "*new reliable evidence*—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995) (emphasis in original). The petitioner must then demonstrate that "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Sweger*, 294 F.3d at 522 (quotation omitted).

Knecht cannot meet his burden. His claim of actual innocence lacks the threshold requirement of "new" evidence. It is based on evidence available to him at trial: his own testimony and that of his sister. Indeed, a "defendant's own late-proffered testimony is not 'new' because it was available to him at trial." *Hubbard v. Pinchak*, 378 F.3d 333, 340 (3d Cir. 2004). Because he has no *new* evidence with which to demonstrate that no reasonable jury would have found him guilty beyond a reasonable doubt, he cannot meet the extremely high burden required for a showing of actual innocence. Thus, Knecht has presented no grounds for equitable tolling of AEDPA's statute of limitations, and we accordingly find his petition to be untimely.

---

Cir. 2000) ("Equitable tolling would be appropriate, for example, when a prisoner is actually innocent."); *contra David v. Hall*, 318 F.3d 343, 347 (1st Cir. 2003). As explained, we need not reach that question here.

III.

The District Court acted within its authority when it raised the timeliness of Knecht's habeas petition *sua sponte*. Because the petition was indeed untimely, and because there are no grounds for equitable tolling of the statute of limitations, we affirm the District Court's dismissal of the petition.