**INSTITUT PASTEUR and Centre National De La Recherche Scientifique, Plaintiffs,**

v.

**Adam J. SIMON, Ph.D., Defendant.**

**Civil Action No. 98–727.**

United States District Court, E.D. Pennsylvania.

June 23, 2005.

Albert J. Breneisen, Christopher L. Ogden, Patrice P. Jean, Richard S. Gresalfi, William G. James, Kenyon and Kenyon, Daniel F. Schiff, James B. Swire, Jerold I. Schneider, Dorsey & Whitley, LLP, Richard F. Albert, Lankler, Siffert & Wohl, New York, NY, David W. Marston, Jr., Thomas B. Kenworthy, Morgan, Lewis and Bockius LLP, Lynn Collins, Akin, Gump, Strauss, Hauer & Feld, L.L.P., Mari Shaw, Obermayer, Rebmann, Maxwell & Hippel LLP, Paul Kennedy, Pepper Hamilton LLP, Philadelphia, PA, for Plaintiffs.

Clifford E. Haines, Haines & Associates, Daniel M. Cohen, H. Laddie Montague, Jr., Peter R. Kahana, Berger & Montague, PC, Philadelphia, PA, Cutis B. Miner, David Boies, Stephen R. Neuwirth, Boies & Schiller, LLP, Armonk, NY, for Defendant.

## MEMORANDUM/ORDER

POLLAK, District Judge.

Before this court is a motion, filed pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, by plaintiffs Institut Pasteur ("Pasteur") and Centre National de la Recherche Scientifique ("CNRS"). The motion, captioned Plaintiffs' Motion to Amend Plaintiffs' Reply to Defendant's Counterclaims, seeks to present a statute of limitations defense to defendant Dr. Adam J. Simon's fraudulent inducement and duress counterclaim (counterclaim count I) and his fraud counterclaim (counterclaim count III). For the reasons stated below, the motion will be denied.

This litigation commenced on February 13, 1998 as an action brought by Pasteur and CNRS seeking a declaratory judgment that Dr. Simon has no valid interest in certain United States patents involving molecular combing technology. Dr. Simon filed his answer and counterclaims, including counts I and III at issue here, on May 22, 1998. Plaintiffs filed their reply and affirmative defenses to the counterclaims on July 1, 1998. On October 25, 1999, Dr. Simon filed a motion to amend his counterclaims, which this court granted. On August 16, 2000, plaintiffs filed their reply to the amended counterclaims. Plaintiffs did not raise a statute of limitations defense in either reply; nor was such a defense proposed in any subsequent pleading until now, almost seven years after the initial reply was filed.

The Pennsylvania statute of limitations for a fraud claim, which plaintiffs allege is applicable here, is two years from the time the claimant becomes aware of the alleged fraud. In their proposed amended reply, plaintiffs allege that "defendant Simon was aware of his alleged claims under Counterclaims Count I and III as early as February 1994," but that he did not assert the claims until he filed his answer of May 22, 1998. Ex. A, ¶ 25. Therefore, "Counts I and III are barred under the two-year statute of limitations." Ex. A, ¶ 27.

Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." Recently, in *Long v. Wilson*, 393 F.3d 390, 400 (3d. Cir.2004), the Third Circuit, speaking through Judge Becker, had occasion to assess the case law addressing amendments to assert a statute of limitations defense. Judge Becker took particular note of the Second Circuit's opinion in *Block v. First Blood Associates*, 988 F.2d 344, 350 (2d Cir.1993), finding that:

> *Block* elaborates a standard for judging prejudice that is compatible with ... Rule 15(a) jurisprudence in this Circuit. The Second Circuit reasoned that, generally, the longer the unexplained delay, the less the plaintiff must show in terms of prejudice. 988 F.2d at 350 (citing *Advocat v. Nexus Indus., Inc.*, 497 F.Supp. 328, 331 (D.Del.1980)). In determining what constitutes prejudice, the Second Circuit considers "whether

the assertion of the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Id.* (internal quotations and citations omitted)....We endorse the Second Circuit approach.

The case at bar presents a scenario in which, had plaintiffs asserted a statute of limitations defense in a timely fashion, Dr. Simon would have had the option of bringing his fraud claims in France where the pertinent statute of limitations is (so Dr. Simon states in his sur-reply) five years. As a result of plaintiffs' undue, and still unexplained, delay in raising the defense, it appears that Dr. Simon's fraud claims are now time-barred in that jurisdiction.

Accordingly, it is hereby **ORDERED** that Plaintiffs' Motion to Amend Plaintiffs' Reply to Defendant's Counterclaims is **DENIED.**