UNITED STATES DISTRICT COURT 
 FOR THE DISTRICT OF NEW JERSEY 

PARAGON ADVANCED Civil Action No. 23-3238 (GC) (RLS) 
TECHNOLOGIES, INC. and PARAGON 28, 
INC., 

 Plaintiffs, 
 MEMORANDUM ORDER 
 v. GRANTING LEAVE TO AMEND 

PATRICK ECKELS, 

 Defendant. 

 PRESENTLY before the Court is a Motion by Plaintiffs Paragon Advanced Technologies, 
Inc. and Paragon 28, Inc. (collectively, “Plaintiffs”) for Leave to File a First Amended Complaint, 
which would add new facts uncovered through discovery and assert new causes of action for unfair 
competition, unjust enrichment, and violation of New Jersey’s Computer Related Offenses Act 
(the “Motion”). (Doc. No. 77). Defendant Patrick Eckels (“Defendant”) does not oppose the 
Motion but reserves his rights as to the merits of the allegations. (See Doc. No. 77-1 at p. 11). The 
Court considers the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 
and Local Civil Rule 78.1(b). For the following reasons, the Court GRANTS the Motion. 
 This action arises out Plaintiffs’ claims that Defendant took Plaintiffs’ trade secrets and 
confidential material when he left their employ and shared such material with Plaintiffs’ 
competitor, restor3d, Inc. Plaintiffs now claim that, through discovery, they have learned of 
additional facts and causes of action which they now seek to include in their proposed First 
Amended Complaint. (See Doc. No. 77-1 at pp. 8-9). Following meet and confers with counsel 
for Defendant, Plaintiffs filed the instant Motion. 
 Pursuant to Federal Rule of Civil Procedure 15(a)(2), a court “should freely [grant] leave 
to amend when justice so requires.” Fed. R. Civ. P. 15(a)(2); see Foman v. Davis, 371 U.S. 178, 
182 (1962); in re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997). The 
Rule aims to “ensure[] that an inadvertent error in, or omission from, an original pleading will not 
preclude a party from securing relief on the merits of his claim.” Korb v. Haystings, 860 F. App’x 

222, 226 n.5 (3d Cir. 2021) (citations omitted). Nevertheless, the Court may, in its discretion, 
deny a motion for leave to amend in one of three instances: (1) the movant engaged in undue delay, 
bad faith, or dilatory motives; (2) the amendment would cause undue prejudice to the non-movant; 
or (3) amendment would be futile. See, e.g., Long v. Wilson, 393 F.3d 390, 400 (3d Cir. 2004); 
BTG Int’l Ltd. v. Actavis Labs. FL, Inc., No. 15-cv-5909, 2017 WL 529446, at *2 (D.N.J. Feb. 8, 
2017). 
 If a party seeks to amend its pleading after the deadline set in the Court’s scheduling order, 
the movant must satisfy the good cause standard pursuant to Rule 16 of the Federal Rules of Civil 
Procedure before the Court considers whether the movant meets the standards for amendment 

pursuant to Rule 15 of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 16(b)(4); see also 
Premier Comp Sols., LLC v. UPMC, 970 F.3d 316, 319 (3d Cir. 2020) (“[W]hen a party moves to 
amend or add a party after the deadline in a district court’s scheduling order has passed, the ‘good 
cause’ standard of Rule 16(b)(4) . . . applies.”). To establish good cause, the movant must show 
due diligence. Race Tires Am., Inc. v. Hoosier Racing Tire Corp., 614 F.3d 57, 84 (3d Cir. 2010). 
Ultimately, the decision of whether to grant leave to amend lies within the sound discretion of the 
Court. Arab Afr. Int’l Bank v. Epstein, 10 F.3d 168, 174 (3d Cir. 1993). 
 Considering the procedural history of this matter, the Motion, and the proposed pleading, 
the Court finds good cause to grant leave to amend pursuant to Rules 15 and 16 of the Federal 
Rules of Civil Procedure. On this record, there is no basis on which the Court may find Plaintiffs 
engaged in “bad faith, dilatory motives, truly undue or unexplained delay, repeated failures to cure 
the deficiencies by amendments previously allowed” or that the proposed amendments would be 
futile. Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993). In addition, although Plaintiffs’ 
Motion is brought outside of the original deadline set in the Court’s Pretrial Scheduling Order for 

any motions for leave to amend, (see Doc. No. 55), Plaintiffs have sufficiently justified the timing 
of the Motion. See Young v. United States, 152 F. Supp. 3d 337, 353 (D.N.J. 2015) (recognizing 
that due diligence can be met if the “delay in filing the motion to amend stemmed from any 
mistake, excusable neglect, or any other factor which might understandably account for failure of 
counsel to undertake to comply with the Scheduling Order”). 
 Accordingly, having fully considered the Motion, and for the reasons set forth above, and 

for good cause having been shown, 
 IT IS, THEREFORE, on this 12th day of June 2024 hereby 
 ORDERED that Plaintiffs’ Motion for Leave to File a First Amended Complaint (Doc. 
No. 77) is hereby GRANTED; and it is further 

 ORDERED that Plaintiffs shall file their First Amended Complaint by no later than June 
17, 2024; and it is further 
 ORDERED that Defendant shall file a response to the First Amended Complaint within 

fourteen (14) days of the filing of the First Amended Complaint; and it is further 
 ORDERED that the Clerk of Court is hereby directed to TERMINATE the Motion 
pending at Docket Entry No. 77. 

 SO ORDERED. 

 RUKHSANAH L. SINGH 
 UNITED STATES MAGISTRATE JUDGE