**Francis Bauer HARRIS, Petitioner,**

v.

**Jeffrey BEARD, Commissioner, et al., Respondents.**

**No. CIV.A.04–1237.**

United States District Court, E.D. Pennsylvania.

Sept. 22, 2005.

Matthew C. Lawry, Federal Defenders, Philadelphia, PA, for Petitioner.

Christopher D. Carusone, PA Office of Attorney General, Harrisburg, PA, Susan E. Moyer, Lancaster Co. D.A.'s Office, Lancaster, PA, for Respondents.

### MEMORANDUM OPINION AND ORDER

RUFE, District Judge.

This is an action for federal habeas corpus relief pursuant to 28 U.S.C. § 2254 (2000). Presently pending before the Court is Petitioner's Memorandum of Law in Support of Continuing to Hold Habeas Proceedings in Suspense Pending Exhaustion of State Remedies [Doc. # 23] and Respondent's Response thereto [Doc. # 24].[1]

---

**1.** No motion accompanied Petitioner's Memorandum of Law. This is because Petitioner's Memorandum was filed in response to this Court's Order of July 19, 2005 directing Peti-

## I. FACTS & PROCEDURAL HISTORY

On October 4, 1997, Petitioner Francis Bauer Harris ("Harris") was convicted of first-degree murder and sentenced to death in the Court of Common Pleas of Lancaster County. On November 20, 2002, the Supreme Court of Pennsylvania affirmed his conviction and death sentence. On December 8, 2003, the Supreme Court of the United States denied Harris's Petition for Writ of Certiorari.

On March 15, 2004, Pennsylvania Governor Edward G. Rendell signed a death warrant scheduling Harris's execution for May 13, 2004. Harris then filed, on March 22, 2004, a Motion for Stay of Execution, Appointment of Counsel, and *In Forma Pauperis* Status. This Court granted the Motion on March 30, 2004, and appointed the Capital Habeas Unit of the Defender Association of Philadelphia to prepare a habeas petition.

On October 12, 2004, Harris filed a Petition for a Writ of Habeas Corpus (the "federal petition"). In the process of preparing that petition, Harris's appointed attorneys discovered many available state post-conviction remedies that Harris had not yet exhausted. Consequently, on November 22, 2004, Harris filed a petition for state habeas relief under the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. Cons.Stat. §§ 9541–46 (1998), in the Court of Common Pleas of Lancaster County (the "PCRA petition").

Shortly after filing his federal petition, Harris requested this Court to hold his federal proceedings in suspense pending the exhaustion of state remedies under the PCRA petition. On December 15, 2004, this Court granted his request, suspending

the case for six months. At the end of that period, with his PCRA petition still pending, the Court ordered Harris to address whether the case should continue to be held in suspense. Harris filed the memorandum of law presently under consideration, and the state responded.

## II. DISCUSSION

### A. Issue Presented

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214 (1996), introduced many new procedural hurdles to obtaining federal habeas relief. In this matter, the issue is created by the overlapping operation of two such AEDPA procedural rules as applied to a federal habeas petition containing exhausted and unexhausted state claims, i.e. a "mixed petition." Specifically, the Court is confronted with the decision to continue to hold in suspense a mixed petition where the petitioner has a timely-filed application for state post-conviction relief pending in state court and where the AEDPA statute of limitations remains tolled until the conclusion of that state post-conviction relief proceeding.

### B. Threshold Matter: Court Authority to Act *Sua Sponte*

■ Before turning to the merits of the issue presented, the Court must first establish its authority to act without a pending motion from either party. The Supreme Court has held that a federal court has the authority to act *sua sponte* with respect to a petitioner's failure to comply with the AEDPA exhaustion requirement. *See Granberry v. Greer*, 481 U.S. 129, 134–35, 107 S.Ct. 1671, 95 L.Ed.2d 119 (1987).

tioner to provide legal authority and arguments for keeping his case in suspense [Doc. # 22]. As discussed below, notwithstanding

the absence of a motion by either party, the Court has authority to act *sua sponte* with respect to this matter. *See infra* Part II.B.

In discussing that case, the Third Circuit further explained:

> [T]he Supreme Court held that a court has the discretion, in the interests of comity and federalism, to decide whether justice would be better served by insisting that a claim be fully exhausted or by rejecting it if it is plainly lacking in merit. It is now widely recognized that judges have discretion to raise procedural issues in habeas cases.

*Long v. Wilson*, 393 F.3d 390, 403 (3d Cir.2004). Therefore, this Court has authority to consider *sua sponte* whether to maintain in suspense or dismiss Harris's federal petition.[2]

## C. Merits of Continuing to Hold Harris's Federal Petition in Suspense

Under AEDPA, federal habeas petitions attacking state convictions are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1) (2000). The AEDPA statute of limitations is tolled for "the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2). Moreover, AEDPA requires that petitioners exhaust all available state remedies before seeking federal habeas relief. § 2254(b)(1)(A); *see also* E.D. Pa. Local R. Civ. Pro. 9.4(2)(b) (a petition "must identify at what stage of the proceedings each claim was exhausted in state court if the petition seeks relief from a state court judgment"). As the Supreme Court has

explained, both of these provisions serve similar interests:

> The exhaustion requirement serves AEDPA's goal of promoting "comity, finality, and federalism," by giving state courts "the first opportunity to review [the] claim," and to "correct" any "constitutional violation in the first instance." And AEDPA's limitations period—with its accompanying tolling provision—ensures the achievement of this goal because it "promotes the exhaustion of state remedies while respecting the interest in the finality of state court judgments."

*Carey v. Saffold*, 536 U.S. 214, 220, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002) (internal citations omitted).

Harris's federal petition complied with the AEDPA statute of limitations but did not fully comply with the AEDPA exhaustion requirement. Harris's AEDPA limitations period began to run on December 8, 2003, the date the U.S. Supreme Court denied certiorari. Harris filed his federal petition on October 12, 2004, within the one-year period that would have expired on December 8, 2004. Therefore, his federal petition was timely filed. However, Harris's federal petition did not fully comply with the exhaustion requirement because some of his claims were unexhausted. In other words, Harris filed a mixed petition.[3]

Herein lies Harris's alleged dilemma. Harris argues that if his pending PCRA petition is eventually found untimely, and therefore not "properly filed" within the

---

**2.** Even if this were not the case, whether to suspend or dismiss is a longstanding issue originally raised by a motion Harris filed on October 21, 2004, which asked the Court to hold his habeas proceedings in suspense. The Court granted that motion and ordered a 6–month suspension of the case, but the Court did so recognizing that the issue would need to be revisited upon termination of the suspension period.

**3.** Despite numerous opportunities, Harris has not provided the Court a detailed discussion of each claim's exhaustion status. Nonetheless, both parties continue to treat Harris's petition as mixed.

meaning of § 2244(d)(2), then his federal petition is not entitled to statutory tolling. *See Pace v. DiGuglielmo,* —— U.S. ——, ——, 125 S.Ct. 1807, 1811, 161 L.Ed.2d 669 (2005) (holding that a PCRA petition found to be not timely was not "properly filed" so as to trigger AEDPA's statutory toll). Consequently, he continues, if his present federal petition is dismissed rather than suspended, he would be unable to re-file a federal habeas petition upon dismissal of his PCRA claims because the AEDPA limitations period would have lapsed on December 8, 2004. Harris thus requests this Court to suspend—rather than dismiss—his federal petition while he exhausts his remaining state remedies in the PCRA proceedings.

▮▮ In support of this request, Harris relies on the Supreme Court's recent decisions in *Rhines v. Weber,* —— U.S. ——, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005), and *Pace,* 125 S.Ct. 1807.[4] Under *Rhines,* "[f]ederal courts that are presented with a mixed petition may either dismiss the petition without prejudice to allow the petitioner to exhaust previously unexhausted claims or may 'stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims.'" *Bartelli v. Wynder,* No. 04–3817, 2005 WL 1155750, *2, 2005 U.S. Dist. LEXIS 9096, at *4 (E.D.Pa. May 12, 2005) (quoting *Rhines,* 125 S.Ct. at 1533–34). Federal courts may choose the latter course only if: (1) petitioner has good cause for his failure to

exhaust state post-conviction remedies; (2) petitioner's unexhausted claims are potentially meritorious; and (3) petitioner has not intentionally delayed the litigation. *Rhines,* 125 S.Ct. at 1535.

In *Pace,* the Supreme Court further clarified, in dicta, that a habeas petitioner's "reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court." 125 S.Ct. at 1813. The Court reasoned that a petitioner so situated could file a "protective" federal habeas petition and have it stayed pending exhaustion of his state remedies to avoid losing access to federal court in the event his state petition was found improperly filed. *Id.*

▮▮ Applying those cases here, Harris does not have good cause to file a protective petition in federal court. Nothing suggests that Harris has the requisite "reasonable confusion" contemplated by *Pace.* On the contrary, his PCRA petition plainly appears to be timely under state law.[5] Under the PCRA, like AEDPA, an application must be filed within one year from the date the petitioner's conviction became final. *See* 42 Pa. Const. Stat. § 9545(b)(1) (1998). As explained previously, Harris's conviction became final on December 8, 2003, establishing December 8, 2004 as the end of the PCRA limitations period. Harris's PCRA petition was filed on November 22, 2004, within the PCRA limitations period.

---

**4.** *Rhines* resolved a split of authority between the circuits regarding the propriety of the "stay and abey" approach to mixed petitions. After certiorari was granted in *Rhines,* and at the time of the Court's initial consideration of whether to suspend Harris's petition, controlling Third Circuit precedent provided that "where outright dismissal could jeopardize the timeliness of a collateral attack, a district court would abuse [its] discretion if it were not to offer the petitioner the opportunity of

staying, rather than dismissing, the petition." *Crews v. Horn,* 360 F.3d 146, 151 (3d Cir. 2004).

**5.** In the absence of a clear ruling by a state court on timeliness, the federal habeas court must assess whether the state petition was timely under state law. *See Carey,* 536 U.S. at 226–27, 122 S.Ct. 2134; *Baker v. Horn,* 383 F.Supp.2d 720, 738 (E.D.Pa.2005).

Nonetheless, Harris argues that he is reasonably uncertain about the timeliness of his PCRA petition for two reasons. First, Harris contends that judicial and statutory law governing timeliness of habeas petitions could adversely change post-dismissal of his federal petition, thus closing the doors of federal court to him in the future. Second, Harris asserts that the PCRA court or this Court, *sua sponte* could find his PCRA petition untimely.

Both of these arguments are unpersuasive. As to the first, although case law has yet to fully develop the meaning of "reasonable confusion," [6] generic speculation about the future state of the law governing availability of habeas relief does not appear to be the kind of *reasonable* uncertainty contemplated by *Pace*. Indeed, such an interpretation would render meaningless the *Rhines* "good cause" standard: any petitioner could evade the AEDPA exhaustion requirement and file a protective petition in federal court under this rationale. As to the second argument, based on the current PCRA limitations provision, it is hard to see how the state court hearing Harris's PCRA petition could *sua sponte* hold his petition untimely without committing plain error.

Dismissing the federal petition now will not preclude Harris from re-filing when his PCRA claims are resolved, since Harris receives the benefit of the AEDPA statutory toll. Thus, he will have time remaining under the AEDPA limitations period to re-file a habeas petition in federal court should his PCRA petition be resolved against him.

With that in mind, the Court's decision to dismiss without prejudice—rather than to keep the case indefinitely in suspense—achieves the best balance between the considerations of comity and federalism underlying AEDPA's exhaustion requirement and limitations period, on the one hand, and the habeas petitioner's interest in preserving federal review of his state conviction, on the other hand. *See, e.g., Rhines,* 125 S.Ct. at 1534–35 (cautioning that the stay and abeyance procedure "should be available only in limited circumstances" so as to promote AEDPA's goals). Dismissal provides the state court hearing the PCRA petition the first opportunity to review Harris's claims and correct any constitutional violations. Moreover, dismissal without prejudice permits Harris to return to federal court upon exhaustion of state court remedies.

For the forgoing reasons, the Court declines to maintain Harris's federal petition in suspense and dismisses the petition without prejudice.

An appropriate Order follows.

### ORDER

**AND NOW,** this 22nd day of September, 2005, upon consideration of Petitioner's

---

6. To date, only two cases have applied the "reasonable confusion" standard, both of which were decided by the Honorable Anita B. Brody.

In one case, the petitioner "was reasonably confused about whether he was permitted to raise the unexhausted claims in a PCRA petition given that he had already filed a first PCRA petition and given that under the PCRA issues are waived if they could have been raised by the petitioner in a prior state postconviction proceeding but were not raised in the prior postconviction proceeding.... This confusion was magnified by the fact that the Pennsylvania Superior Court dismissed the claims that [petitioner] raised at that time without prejudice to raise them 'in a first PCRA petition.'" *Bartelli,* 2005 WL 1155750, *2, 2005 U.S. Dist. LEXIS 9096, at *5.

In the other case, the petitioner had the requisite reasonable confusion because Pennsylvania law was unsettled on the specific issues governing whether his PCRA application was timely. *See Baker,* 383 F.Supp.2d at 746–47.

Memorandum of Law in Support of Continuing to Hold Habeas Proceedings in Suspense Pending Exhaustion of State Remedies [Doc. # 23], Respondent's Response thereto [Doc. # 24], and for the reasons set forth in the attached Memorandum Opinion, the Court hereby **ORDERS** that Petitioner's Petition for Writ of Habeas Corpus is **DISMISSED WITHOUT PREJUDICE.**

It is so **ORDERED.**